HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOART LONGYEAR COMPANY, <br><br> Defendant. | CASE NO. C07-1899 RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on two motions from Defendant Boart Longyear Company ("Boart"). The first (Dkt. # 20) is a motion to extend the time for Boart's response to Plaintiffs' motion for summary judgment. The second (Dkt. # 28) is a motion to strike two affidavits Plaintiffs submitted in support of their summary judgment motion. For the reasons stated herein, the court DENIES the first motion, STRIKES the second, and imposes sanctions of $1000.

## II. BACKGROUND

Plaintiffs, a collection of union trust funds, brought this action against Boart to recover unpaid employer contributions. On October 29, 2008, Plaintiffs filed a motion for summary judgment and properly noted it for consideration on November 21, 2008. *See* Local Rules W.D. Wash. CR 7(d)(3). Boart's opposition brief was due on November 17, 2008. *Id.*

ORDER – 1

1  Boart did not file a timely opposition brief.  Instead, it filed a motion for a two-
2  week extension of the time to file an opposition, and filed that motion on November 17,
3  the date the opposition was due.  Boart either knew or should have known that the motion
4  for an extension was a dead letter.  The court's local rules require such motions to be
5  noted "no earlier than seven judicial days after filing."  Local Rules W.D. Wash.
6  CR 7(d)(1).  Boart was apparently aware of this rule, as it noted its motion for an
7  extension for November 26, seven judicial days later.  Thus, Boart filed the motion with
8  knowledge that the court would not consider it (much less grant it) until almost two
9  weeks had passed after Boart's deadline to oppose the summary judgment motion.

Boart filed its opposition to the summary judgment motion on December 1, two weeks late.  At the same time, Boart filed a "Motion to Strike Affidavits" challenging two declarations that Plaintiffs submitted in support of their motion.

### III.  ANALYSIS

Boart's summary judgment opposition brief is inexcusably untimely.  The brief was due on November 17, and the court did not extend that due date.  Boart's decision to file a motion for extension on November 17 changes nothing.  Although the court can imagine circumstances in which a party would have no choice but to file a last-minute motion for extension, no such circumstances are present here.  Incredibly, the sole basis for Boart's motion for extension was its assertion that a two-week extension would allow the parties to explore settlement talks.  Plaintiffs' counsel submits unchallenged evidence that Boart did not begin settlement talks until November 14, the Friday before the Monday due date of Boart's opposition brief.  Boart was served with the complaint in this action on December 17, 2007.  Given that Boart had eleven months to discuss settlement, its request for an additional two weeks on the eve of the due date for its summary judgment opposition seems dilatory, to put it charitably.  Plaintiffs' counsel apparently thought so as well, and in any event did not share Boart's counsel's view that a continuance of the summary judgment motion was an appropriate means of facilitating

ORDER – 2

settlement. For that reason, it is particularly absurd that Boart's counsel justified its untimely motion for an extension by claiming that it would facilitate settlement. Put another way, a party's desire to force its opponent into settlement discussions is not justification for an extension of time to oppose a summary judgment motion, much less a motion that comes on the day the opposition is due.

The court did not grant Boart an extension; Boart granted itself one. Without leave of court, it withheld its summary judgment opposition for two weeks. The court could simply strike Boart's opposition brief, and has seriously considered that remedy. Only a strong preference for deciding matters on their merits leads the court to decide otherwise. Nonethless, the court must impose a sanction, or else it will send the message that parties are free to ignore deadlines set forth in the local rules and free to reap the benefits of those violations. The court therefore imposes sanctions of $1000, payable to Plaintiffs no later than December 19. The court cannot be certain, on the record before it, whether Boart or its counsel is responsible for the untimely opposition brief. The court directs Boart's counsel to discuss the issue with its client and determine whether Boart or its counsel should pay the sanction award. In addition, if counsel is responsible for the decision to file the dilatory motion for extension and the untimely summary judgment opposition, then counsel shall not charge Boart for work on these improper filings.

Boart violated the local rules again by filing its "motion to exclude" at the same time it filed its untimely opposition. Local Rule CR 7(g) provides as follows:

> Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion.

Boart violated this rule twice: first by filing a separate motion to strike; second by noting that motion for consideration on December 19, almost a month after the November 21 noting date of the motion for summary judgment.

ORDER – 3

In this case, the court is convinced that the appropriate remedy is simply to strike Boart's improper motion to strike. The court finds that this remedy will further the goal of considering the summary judgment motion on its merits, and will result in no undue prejudice to Boart. In addition, to the extent Boart's counsel, rather than Boart itself, is responsible for this violation of the local rules, counsel shall not charge its client for work performed on the improper motion to strike.

## IV. CONCLUSION

Orders like these are a trial court's bane. They divert scarce resources from resolving the merits of this case and the hundreds of others pending before the court. Nonetheless, the court cannot turn a blind eye while a party not only violates the local rules, but benefits from those violations. For the reasons stated above, the court DENIES Boart's motion for an extension of time (Dkt. # 20) and STRIKES Boart's motion to strike (Dkt. # 28). Either Boart or its counsel shall pay sanctions of $1000 to Plaintiffs no later than December 19.

DATED this 5th day of December, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4